UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDOULAYE TOURE,

                Plaintiff,

- against -

AIR FRANCE, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE OFFICER CHELSEA CASSINO, and PORT AUTHORITY POLICE OFFICERS "JOHN/JANE DOE" #1 THROUGH #5,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

2:21-cv-1645 (GRB) (ST)

**FILED**
**CLERK**

3:11 pm, Sep 06, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES**

**THOMPSON LAW, P.C.**
Attorneys for Plaintiff
250 West 57th Street, Suite 1632
New York, NY 10107
By:   Walter John Thompson, Esq.

**HOLLAND & KNIGHT LLP**
Attorneys for Defendant Société Air France
31 West 52nd Street
New York, NY 10019
By:   Christopher Gerrard Kelly, Esq.
       Sarah Gogal Passeri, Esq.

**GARY R. BROWN, District Judge:**

### INTRODUCTION

Plaintiff Abdoulaye Toure brings this action against the captioned defendants under 42 U.S.C. § 1983 and state law, which arose after he alerted the Société Air France attendants at J.F.K. Airport that his checked luggage contained a stun gun.

Presently before the Court is defendant Air France's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Air France's motion is granted.

## BACKGROUND

The following facts are taken as true from the Complaint. (Compl. [DE 1]). Air France is the only moving defendant and, accordingly, only those facts necessary to understand its position are included.

Plaintiff Abdoulaye Toure planned to fly from New York, New York through Paris, France to Conakry, Guinea in order to attend a meeting with the Police Department of Guinea, which was looking to buy in bulk a particular style of stun gun from Toure, a security advisor. (*Id.* ¶¶ 12–13). Toure booked a November 12, 2019 flight with Air France. (*Id.*).

When he checked in with the Air France counter, Toure advised the employee that his luggage contained a stun gun and displayed paperwork from both the United States Department of Transportation and the United States Bureau of Alcohol, Tobacco and Firearms, each of whom "indicated that such transportation was allowed and lawful." (*Id.* ¶ 14). The Air France employee —"[r]ather than consult TSA regulations and/or Air France's published policy"—alerted the Port Authority Police Department. Upon their arrival, Port Authority police officers arrested Toure. (*Id.* ¶¶ 15–16). Toure was held in custody for over sixteen hours, missed his flight, and lost the sale. (*Id.* ¶¶ 17–18).

Toure brings four causes of action against Air France: false arrest under 42 U.S.C. § 1983, negligence, and intentional and negligent infliction of emotional distress under state law.

## LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## DISCUSSION

### I.   False Arrest

Toure brings a § 1983 claim for false arrest, a claim whose elements "are 'substantially the same' as the elements of a false arrest claim under New York law." *Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992) (quoting *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)). Those elements are " (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (citation and internal quotation marks omitted).

There is no allegation that any Air France employee arrested or detained Toure. Instead, "due to the allegations made by the Air France employees," Port Authority police officers "arrested [Toure] and held [him] in custody for over 16

hours." Compl. ¶¶ 16, 18. Section 1983 false arrest liability attaches "to one who causes or directs an arrest or imprisonment in New York" only where "'the defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal to the point where the officer is not acting of his own volition.'" *Carmellino v. Dist. 20 of New York City Dep't of Educ.*, 2006 WL 2583019, at *61 (S.D.N.Y. Sept. 6, 2006) (quoting *Curley v. AMR Corp.*, 153 F.3d 5, 13–14 (2d Cir. 1998)) (dismissing § 1983 false arrest claim); *TADCO Const. Corp. v. Dormitory Auth. of State of New York*, 700 F. Supp. 2d 253, 268–69 (E.D.N.Y. 2010). By contrast, the instant complaint alleges only that the Air France employee simply alerted the police to Toure's admission that his luggage contained a stun gun. *See TADCO Const. Corp.*, 700 F. Supp. 2d at 268–69 (citing *Rateau v. City of New York*, 2009 WL 3148765, at *6 (E.D.N.Y. Sept. 29, 2009)); *see King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997) ("To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police."); *e.g.*, *Baez v. Jetblue Airways Corp.*, 2009 WL 2447990, at *7 (E.D.N.Y. Aug. 3, 2009) ("[S]imply stat[ing] that a Jetblue security agent approached her in the terminal and escorted her to the security office, where she was detained and later arrested" by law enforcement, does not "allege[] [Jetblue and its employee] intended to procure her arrest.").

Courts routinely dismiss false arrest claims, brought under § 1983 or New York law, against private citizens who "merely [sought] police assistance or

furnish[ed] information to law enforcement authorities who [were] then free to exercise their own judgment as to whether an arrest should be made." *Carmellino*, 2006 WL 2583019, at *61 (quoting *Levy v. Grandone*, 14 A.D.3d 660, 661 (N.Y. App. Div., 2d Dep't 2005)); *e.g.*, *Hagans v. Nassau Cnty. Dep't of Soc. Servs.*, 2020 WL 1550577, at *6 (E.D.N.Y. Mar. 31, 2020); *Harris v. Harris*, 2020 WL 1140745, at *3 (S.D.N.Y. Mar. 9, 2020); *McIver v. Dep't of Soc. Servs.*, 2020 WL 764185, at *4 (S.D.N.Y. Feb. 14, 2020); *Holmes v. City of New York*, 178 A.D.3d 496, 496 (N.Y. App. Div., 1st Dep't 2019); *Krzyzak v. Schaefer*, 52 A.D.3d 979, 979 (N.Y. App. Div., 3d Dep't 2008); *Lowmack v. Eckerd Corp.*, 303 A.D.2d 998, 999 (N.Y. App. Div., 4th Dep't 2003).  This case alleges nothing more than this.

Accordingly, Toure's § 1983 false arrest claim against Air France is dismissed.

**II.    Negligence**

"[A] plaintiff seeking damages for an injury resulting from a wrongful arrest and detention may not recover under broad general principles of negligence . . . but must proceed by way of the traditional remedies of false arrest and imprisonment." *Secard v. Dep't of Social Servs.*, 204 A.D.2d 425, 427 (N.Y. App. Div., 2d Dep't 1994) (ellipses in original) (quoting *Stalteri v. Monroe Cnty.*, 107 A.D.2d 1071, 1071 (N.Y. App. Div., 4th Dep't 1985)); *Sullivan v. City of New York*, 2018 WL 3368706, at *18 (S.D.N.Y. July 10, 2018) ("New York courts have long held that, where a plaintiff brings false-arrest and false-imprisonment claims, she cannot also recover under broad principles of negligence.").

For example, in *Sajimi v. City of New York*, a plaintiff alleged Lufthansa German Airlines and its employee "were negligent in calling the Port Authority police" after he "threaten[ed] to leave [] children at the [airport] terminal unattended" should Lufthansa not let them on the plane unaccompanied by an adult. 2011 WL 135004, at *1, 8–9 (E.D.N.Y. Jan. 13, 2011). The *Sajimi* Court observed that "New York does not recognize a negligent request for police assistance to be an actionable claim" and that "[a]ny wrongful injury that flows from such conduct—the arrest and other legal consequences—is vindicated through a claim of false arrest against the arresting officer, not a negligence claim against a party requesting police assistance." *Id.* (citing *Secard*, 204 A.D.2d at 427).

This analysis equally applies to Toure's attempts to characterize Air France's conduct as negligence in hiring, training, or supervising employees. At bottom, the facts "simply allege that [Toure] would not have been arrested . . . if [Air France] had been more careful." *See Jenkins v. City of New York*, 1992 WL 147647, at *8 (S.D.N.Y. June 15, 1992) (dismissing "negligent training, negligent supervision, negligent disciplining, negligent retention of employees, and negligent provision of incorrect information" claims). None of the facts alleged here are distinct from those supporting his false arrest claim. *E.g.*, *McCray v. City of New York*, No. 03 CIV 10080 DAB, 2007 WL 4352748, at *29 (S.D.N.Y. 2007) (dismissing negligence "hiring, retaining, supervising and training" claims because the facts in support are not "distinct from the facts they have alleged in support of the[] . . . false arrest claim").

Under the circumstances, Toure's claim for negligence against Air France has no basis in law; it is therefore dismissed.

### III.     Intentional Infliction of Emotional Distress

Under New York law, a cause of action for intentional infliction of emotional distress requires "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (N.Y. 2016) (quoting *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (N.Y. 1993)).  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell*, 81 N.Y.2d at 122 (quoting *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (N.Y. 1983)).

None of Air France's actions meet this demanding standard.  Because defendant had a "good faith basis" for communicating with the police, there is no "tenable claim for intentional infliction of emotional distress." *Courtman v. Hudson Valley Bank*, 37 A.D.3d 181, 182 (N.Y. App. Div., 1st Dep't 2007).  Indeed, such a claim does not lie even where the information leading to the arrest is false. *E.g.*, *Slatkin v. Lancer Litho Packaging Corp.*, 33 A.D.3d 421, 422 (N.Y. App. Div., 1st Dep't 2006); *Brown v. Sears Roebuck & Co.*, 297 A.D.2d 205, 212 (N.Y. App. Div., 1st Dep't 2002).  As currently pled, the Air France employee's conduct is unsurprising, and certainly does not "go beyond all possible bounds of decency." *E.g., Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 224 (E.D.N.Y. 2010) ("Baez's allegations are

insufficient to state a claim that JetBlue engaged in extreme and outrageous conduct when it relayed [its employee's] accusations [about the plaintiff] to law enforcement officials."). Toure's intentional infliction of emotional distress claim against Air France is dismissed.

### IV. Negligent Infliction of Emotional Distress

"To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). This claim suffers the same infirmity as the negligence claim. "To the extent that a claim for [negligent infliction of emotional distress] is based upon injury incident to an arrest, a plaintiff must resort to the traditional tort remedies of false arrest, false imprisonment, and malicious prosecution." *Dollard v. City of New York*, 408 F. Supp. 3d 231, 238–39 (E.D.N.Y. 2019); *Deronette v. City of New York*, 2007 WL 951925, at *5 (E.D.N.Y. Mar. 27, 2007); *Lee v. McCue*, 410 F. Supp. 2d 221, 227 (S.D.N.Y. 2006) (false arrest cause of action "provide a complete source of recovery for [plaintiff's] injuries. Any further claim for negligent infliction of emotional distress would be duplicative"); *Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 315 (S.D.N.Y. 2005) (same).

## CONCLUSION

For the reasons discussed above, Air France's motion is granted. Toure has failed to state a claim on his negligence, false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress causes of action. The Clerk of Court is respectfully directed to terminate Air France as a defendant in the action.

**SO ORDERED.**

Dated: Central Islip, New York                      Gary R. Brown
      September 6, 2022                           Gary R. Brown
                                                        United States District Judge