

February 7, 2025

**Via ECF**
Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Abdoulaye Toure v. The Port Authority of New York and New Jersey, et al.,
             2:21 cv 01645 (NRM) (ST)

Dear Judge Morrison:

    The parties have met and conferred with respect to whether they could stipulate to certain exhibits and with respect to the subjects of defendant, Chelsea Cassino's motions *in limine*. This letter which has been reviewed by Plaintiff's counsels is to report the results of their meeting.

### A)  Exhibits

    Plaintiff agrees to stipulate to the admission of the CAD tape (Defendant's Exhibit A in the Pretrial Order ("PTO"), and the CAD Report (Defendant's Exhibit B in the PTO). This will eliminate the necessity for the defense to call Wilma Carr as a witness.

    Plaintiff agrees to stipulate to the admission of documents described in Defendants' PTO as 1) France's Condition of Carriage (Exhibit C); 2) ICOA's Policies On Stun Guns (Exhibit D); 3) Air Frances Prohibited Goods Policy (Exhibit E).  Defendant agrees to stipulate to the admission of documents described in Plaintiff's PTO as 1) Screenshot of Air France website: What You May Bring (Plaintiff's Exhibit 9); 2) Screenshot of TSA Website Stun Guns/shocking devices (Plaintiff's Exhibit 10). This stipulation will eliminate the need for the defendant to call Fabienne Castelli-Madoux as a witness.

    The parties stipulated for the admission of a certified copy of the criminal court deposition (Docket #68).

### B)  Motions *In Limine*

    1) Plaintiff agrees that he will not attempt to introduce a document purporting to be the Google Search wherein he claims that he learned that a judge had declared Penal Law § 265.01 illegal.  Therefore, the Port Authority will not be making a motion *in limine* on this issue.

    2) Plaintiff agrees that he will not testify that the handcuffs were too tight since his excessive force claim was dismissed.  Therefore, the Port Authority will not be making a motion *in limine* on this issue.



2

    3) Plaintiff agrees he will not introduce his hotel bill in Conkray, New Guinea for the Millenium Hotel (Exhibit 8), and that he will not be seeking damages for this expense. Therefore, defendant will not be making a motion *in limine* on this issue.

    Defendant will be making motions *in limine* to 1) preclude the Plaintiff from seeking lost income from the sale of the taser gun on the ground *inter alia* that he never had a contract for the sale and this claim is based upon speculation; 2) preclude the Plaintiff from introducing the decision in *Avitabile v. Beach*, 368 F. Supp. 404 (S.D.N.Y. 2019) to the party on the ground *inter alia* it is potentially confusing for the jury since it requires a legal interpretation, and that it was not produced in discovery, and that it is not listed in the PTO; 3) preclude the introduction of Holiday Inn receipt (Exhibit 4) on the ground *inter alia* it was never produced in discovery; 4) preclude the introduction of the OE Consultancy Invoice dated January 30, 2020 (Exhibit 3) on ground *inter alia* of relevance since it came into existence more than a year after Plaintiff's arrest, and it was never produced in the course of discovery.

                                                         Respectfully submitted

                                                          /S/

                                                       Kathleen Gill Miller

KGM:kc
Cc:    John Walter Thompson, Esq.
        Attorney for Plaintiff
        Thompson Law PC
        565 Fifth Avenue, Suite 721
        New York, New York 10017
        **VIA ECF**