UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ABDOULAYE TOURE,

                        Plaintiff,

                                        **2:21 CV 01645**

                                        **(NRM) (ST)**

       -against-


AIR FRANCE, THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY AND PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT; POLICE OFFICER CHELSEA CASSINO, AND PORT AUTHORITY POLICE OFFICERS 'JOHN/JANE DOE' #1 THROUGH #5,

                        Defendants.

----------------------------------------------------------------X

## DEFENDANT CHELSEA CASSINO'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN *LIMINE*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................1

    A) The Standard Of Review...................................................................................................1

    B) Plaintiff's Claim For Damages For Loss Of Income Based On The Sale Of The
       Taser Gun Should Be Precluded As Speculative ................................................................2

    C) The OE Consultancy Invoice Dated January 30, 2020 Should Be Excluded As
       It Was 1) Never Produced In Discovery and 2) Issued After Plaintiff's Arrest ..................4

    D) The Decision In *Avitabile v. Beach,* 368 F. Supp. 3d 404 (N.D.N.Y. 2019)
       And Any Testimony As To The Meaning Of This Case Should Be
       Precluded Under Rule 403 ..................................................................................................7

        1) The Decision Is Prejudicial and Would Confuse The Jury .......................................7

        2) The Decision Involves A Legal Analysis Reserved For This Court..........................8

CONCLUSION.................................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Abdouelmakarem v. Mssminja Inc.*,
No. 21 cv 10625 (LJL), 2023 WL 4561765 (S.D.N.Y. July 17, 2023) .........................................5

*Avitabile v. Beach*,
368 F. Supp. 3d 404 (N.D.N.Y. 2019) ................................................................................1,7,8,9

*Commerce Funding Corporation Corp. v. Comprehensive Habilitation Services*,
No. 01 cv 3796 (PKL), 2004 WL 1970144 (S. D.N.Y. Sept. 3, 2004) ...........................................1

*Connors v. Dartmouth Hitchcock Medical Center*,
No. 2:10 cv 94 (WKS), 2013 WL 12221825 (D.C. Vt. Oct. 31, 2013) .......................................2,3

*Contemporary Mission, Inc. v. Famous Music Corp.*,
(557 F. 2d 918, 926 (2d Cir. 1977) ...............................................................................................2

*Curcio v. Roosevelt Union Free School Dist.*,
No. 10 cv 5612 (SJF)(AKT), 2012 WL 6641715, (E.D.N.Y. Dec. 19, 2012) ...............................5

*Design Strategy, Inc. v. Davis*,
469 F. 3d 284 (2d Cir. 2006) .....................................................................................................4,5

*Ebbert v. Nassau County*,
No. 05 cv 5445 (FB) (AKT), 2008 WL 4443238  (E.D.N.Y. Sept. 26, 2008) ..............................1

*Grant v. Lockett*,
No. 19 cv. 469, 19 cv. 738, 19 cv. 1558, 2021 WL 5816245 (2d Cir. Dec. 8, 2021) ....................7

*Hampton v. McDonough,*
No. 17 cv 05711 (JMW) 2022 WL 17581827 (S.D.N.Y. Dec. 12, 2022) .................................5,6

*Holland Loader Company, L.L.C. v. FLSmidth A/S,*
769 Fed. Appx. 40 (2d Cir. 2019) ................................................................................................2

*Lenard v. Design Studio*,
889 F. Supp. 2d 518 (S.D.N.Y. 2012) ..........................................................................................2

*Marx & Co., Inc. v. Diners' Club, Inc.*,
 550 F. 2d 505 (2d. Cir. 1977) ......................................................................................................8


*Nat'l Mkt. Share Inc. v. Sterling Nat'l Bank*,
392 F. 3d 520 (2d Cir. 2004) ...................................................................................................2

*Novartis Pharma AG v. Incyte Corporation*,
No. 1:20 cv 400 (GHW), 2024 WL 36083381 (S.D.N.Y. July 29, 2024) ...................................8,9

*Palmieri v. Defaria*,
88 F. 3d 136 (2d Dir. 1996) ......................................................................................................1

*Reilly v. Natwest Mkts. Grp.,Inc.*,
181 F. 3d 253 (2d Cir. 1999) ....................................................................................................4

*Revella v. Kohl's Dept. Stores, Inc.*,
439 Fed. Appx. 18 (2d Cir. 2011) .............................................................................................2

*Schonfeld v. Hilliard*,
218 F. 3d 164 (2d Cir. 2000) ....................................................................................................2

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc*.
118 F. 3d 955 (2d Cir. 1997) ....................................................................................................4

*Tang v. Capital Partners, L.P., v. BRC Inc.*,
No. 22 cv 5476 (RWL), 2024 WL 4716315  (S.D.N.Y. Nov. 8, 2024) .........................................9

**RULES**

Federal Rule of Evidence Rule 402 ...............................................................................................1

Federal Rule of Evidence Rule 403 ............................................................................................1,7

Federal Rule of Civil Procedure 37 (c)(1)  ....................................................................................4

Federal Rule of Civil Procedure 26 (a)(1)  .................................................................................4,6

Federal Rule of Civil Procedure 26 (e)  .......................................................................................4

## PRELIMINARY STATEMENT

Defendant, Chelsea Cassino ("Cassino") submits this Memorandum of Law in support of her motion *in limine* to exclude certain evidence Plaintiff has identified in his portion of the pretrial order as follows: 1) damages in the form of lost income from the sale of the taser gun to the Police Department in Conakry, New Guinea; 2) the decision in *Avitabile v. Beach*, 368 F. Supp. 404 (N.D.N.Y. 2019); the OE Consultancy invoice dated January 30, 2020.

## ARGUMENT

A) **The Standard of Review**

" ' The purpose of a motion *in limine* is to aid the trial process by enabling the court to rule in advance of trial on the relevance [and admissibility] of certain forecasted evidence, as to issues that are definitely set for trial. . .' " *Ebbert v. Nassau County*, No. 05 cv 5445 (FB) (AKT), 2008 WL 444 3238 at *2 (E.D.N.Y. Sept. 26, 2008) quoting *Palmieri v. Defaria*, 88 F. 3d 136 at 141 (2d Dir. 1996). "When a party moves to preclude evidence by means of an *in limine* motion, the court is required to determine … whether the evidence is admissible." *Ebbert v. Nassau County, supra* at *2. Rule 402 of the Federal Rules of Evidence governs "General Admissibility of Evidence." Rule 403 of the Federal Rules of Evidence governs "Excluding Relevant Evidence for confusion, Waste of Time or Other Reasons." "Evidence should be excluded … when the evidence is clearly inadmissible on all potential grounds." See *Commerce Funding Corporation Corp. v. Comprehensive Habilitation Services*, No. 01 cv 3796 (PKL), 2004 WL 1970144 *4 (S. D.N.Y. Sept. 3, 2004).

B) **Plaintiff's Claim For Damages For Loss Of Income Should Be Preluded As Speculative**

It is well established that the district court should exclude evidence, including testimony of the Plaintiff, or his/her expert for lost income where the circumstantial evidence provided is unduly speculative. See *Revella v. Kohl's Dept. Stores, Inc*., 439 Fed. Appx. 18, 21 (2d Cir. 2011). Under New York Law, a person can " 'recover lost profits only if he can establish both the existence and amount of such damages with reasonable certainty' ". *Lenard v. Design Studio*, 889 F. Supp. 2d 518 03536 (S.D.N.Y. 2012) quoting *Schonfeld v. Hilliard*, 218 F. 3d 164, 172 (2d Cir. 2000). In *Holland Loader Company, L.L.C. v. FL Smidth A/S*, 769 Fed. Appx. 40 (2d Cir. 2019), the Second Circuit set forth the requirements for proving damages for lost income or lost profit as follows:

> To prove general damages under New York law, the plaintiff must show (1) the fact or existence of damages to a "reasonable certainty", and, if the fact or existence of damages is proven, (2) "a 'stable foundation for a reasonable estimate' [of damages] incurred as a result of the breach." *Id*. at 110 (quoting *Contemporary Mission, Inc. v. Famous Music Corp.*, (557 F. 2d 918, 926 (2d Cir. 1977). The first prong concerns causation, while the second prong speaks to the amount of damages. *Id*. at 110-11. "Reasonable certainty" requires a showing of damages that is "not merely speculative, possible, and imaginary, but … such only as actually follow or may follow from the breach of the contract." *Id*. (internal quotation marks omitted); see also *Nat'l Mkt. Share Inc. v. Sterling Nat'l Bank*, 392 F. 3d 520, 525 (2d Cir. 2004). *Id*. at 42.

The court in *Holland Loader Company* also reiterated that " 'evidence of lost profits from a new business venture receives greater scrutiny because there is no track record upon which to base an estimate' " *Id*. at *43 quoting *Schonfeld v. Hilliard*, 218 F. 3d 164 at 172 (2d Cir. 2000). See also *Connors v. Dartmouth Hitchcock Medical Center*, No. 2:10 cv 94 (WKS),

2

213 WL 12221825 (D.C. Vt. Oct. 31, 2013) (held motion *in limine* granted excluding plaintiff's claim for lost earnings because it was speculative).

Here, Plaintiff is seeking damages for the loss of income or profits from the sale of the taser gun to the Conakry Police. This was a new business venture with OE to sell hyperspike equipment in Conakry Guinea (see Exhibit F to Miller Decl., the OE Agreement annexed as Response to Request No. 7) Plaintiff concedes that he had no written confirmation of the price or number of guns the Conakry Police were willing to purchase from him (See Plaintiff's deposition testimony (tr.) p. 51, ll. 19-23, Exhibit A to the Declaration of Kathleen Gill Miller dated March 12, 2025 ("Miller Decl."). While Plaintiff testified that he had a template for a contract, he admitted that none of the terms with respect to the sale of the taser gun to the Conakry Police had been put in that template (Exhibit A to Miller Decl., tr. p. 50). In fact, Plaintiff admitted:

> THE WITNESS: I will call it a demo trip. The promotion was done prior to that. They agreed to having a demo. So it's passed sales and promotions when the minister of defense agreed to actually see the product and get a demo.
>
> It's usually the final step before we make a sale.

Q.  (by Ms. Miller) Okay. It's the final step, but you hadn't made the sell yet, correct?

A.  No, we hadn't made the sale yet.
                               Ex. A, tr. p. 58, ll. 1-10

It is clear beyond doubt from Plaintiff's own testimony, that his trip to Conakry was to make a sales pitch for the taser gun supported by a demonstration of the gun but that he had no commitment from the police to purchase the taser. He had no contract of any kind before he made the trip.

3

Moreover, Plaintiff has not produced a single document between himself or his business Safe Bet Express LC and the Conakry Police Department that concerns the potential sale of the taser to that police department. The pre-trial order lists no documents being offered by Plaintiff to support this claim.

Plaintiff's claim for lost income is nothing more than speculation and conjecture which is not admissible under the standard in this jurisdiction.

C) **The OE Consultancy Invoice Dated January 30, 2020 Should Be Excluded As It was 1) Never Produced in Discovery and 2) Issued After Plaintiff's Arrest**

Federal Rules of Civil Procedure 37 (c)(1) provides in relevant part

> **Failure To Disclose Or Supplement.** "If a party fails to provide information or identify a witness as required by Rule 26 (a) or (e), The party is not allowed to use that information or witness to supply evidence … or a trial, unless the failure was substantially justified or is harmless.

The application of the rule does not require a showing of bad faith by the party seeking exclusion, See *Design Strategy, Inc. v. Davis*, 469 F. 3d 284, 246 (2d Cir. 2006). Courts have "wide discretion" in sanctioning a party for discovery abuses, *Reilly v. Natwest Mkts. Grp.,Inc.*, 181 F. 3d 253 at 267 (2d Cir. 1999).

In *Softel Inc. v. Dragon Med. & Sci. Commc'ns, Inc*. 118 F. 3d 953 (2d Cir. 1997), the Second Circuit has laid out four factors for consideration in determining the proper sanction for Rule 26, violations under Rule 37(c): "(1) The party's explanation for failure to comply with the discovery order; 2) the importance of the testimony of the precluded [evidence]; 3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and 4) the possibility of a continuance." *Id*. at 961.

4

In *Design Strategy, Inc. v. Davis*, 469 F. 3d 284 (2d Cir. 2006), the Second Circuit ruled that the district court did not abuse its discretion in precluding "lost profits" evidence, where "lost profits" was not provided in Plaintiff-Employer's initial disclosure, or thereafter during discovery. The court recognized that "Rule 26(a) requires more than providing without any explanation - undifferentiated financial statements; it requires a 'computation', supported by documents." *Id*. at 295 The Second Circuit also acknowledged that there would be prejudice to the defendant because discovery would have to be reopened after it had been closed for a year and a half. The courts in this district have precluded documents relating to damages that plaintiffs have failed to timely produce. See *Curcio v. Roosevelt Union Free School Dist*., No. 10 cv 5612 (SJF)(AKT), 2012 WL 6641715 (E.D.N.Y. Dec. 19, 2012) (held plaintiff's failure to provide information concerning his pension related damages during discovery would preclude him from using that information at trial). In *Hampton v. McDonough,* No. 17 cv 05711 (JMW) 2022 WL 17581827 (S.D.N.Y. Dec. 12, 2022), the court also precluded documents relating to the plaintiff's compensation which were not produced in discovery stating:

> Plaintiff plainly failed to comply with his discovery obligations under Rule 26(a). there is no indication these documents were identified, let alone produced or supplemented as initial disclosure under Rule 26 (a). His failure to comply with this obligation is neither substantially justified, nor harmless. *Id*. at *5

Preclusion has been recognized to be the appropriate remedy where the failure to produce the documents was unjustified and the prejudice to the opposing party is clear . See *Abdouelmakarem v. Mssminja Inc*., No. 21 cv 10625 (LJL), 2023 WL 4561765 *1 (S.D.N.Y. July 17, 2023) (held testimony and evidence relating to invoices defendants failed to timely produce would be excluded); *Hampton v. McDonough*, No. 17 cv. 05711 (VMW), 2022 WL

5

17581827 (S.D.N.Y. Dec. 12, 2022) (held pay stub and pay scale documents which plaintiff failed to produce in discovery, would be barred from use at trial).

      Here, Plaintiff lists an OE Consultancy invoice as Exhibit #3 in his portion of the pretrial order, although he has *never* produced this document to defendant. It would appear that this document will be offered to support Plaintiff's claim for damages relating to the taser gun. This document is dated January 30, 2020 and came into existence several months after Plaintiff's arrest on November 12, 2019. Defendant has not had an opportunity to question Plaintiff about its relevance, or authenticity, as it was never produced. In Defendant's Firs Set of Interrogatories and Document Requests, Defendant asked in Interrogatory No. 1 for Plaintiff to detail lost income and out-of-pocket expenses and on Document Request No. 7 to produce any documents related to the sale of the taser gun. Plaintiff responded by objecting to both requests and not providing any information or documents (See Ex. E to Miller Decl., Plaintiff's Response to Defendants The Port Authority and Chelsea Cassino's First Set of Interrogatories and First Request For Production of Documents dated May 10, 2022, #1 at p. 3, #7 at p. 11). In a Supplemental Response, Plaintiff produced his agency agreement with OE, but he never produced the invoice he now seeks to use (See Ex. F to Miller Decl., Response to Document Request No. 7)

      Moreover, Plaintiff had an obligation under Rule 26 (a) (1) (iii) to produce any documents relating to his claim for damages. Plaintiff served two Rule 26 disclosure statements without specifying any out-of-pocket damages relating to the sale of the taser gun or OE (See Exhibits B and C to Miller Decl.).

      Defendant will be substantially prejudiced by having to respond to a damage claim at trial which she has never had an opportunity to explore during discovery.

Plaintiff's failure to produce this document to defendant should result in it being precluded from use at trial along with any testimony about the information it contains.

**D) The Decision In *Avitabile v. Beach,* 368 F. Supp. 3d 404 (N.D.N.Y. 2019) And Any Testimony As To The Meaning Of This Case Should Be Precluded Under Rule 403**

**1) The Decision Is Prejudicial and Would Confuse The Jury**

Rule 403 of the Federal Rules of Evidence provides that evidence should be excluded when it is unfairly prejudicial or would confuse the jury. Here, Plaintiff testified that before his arrest, he Googled taser guns in New York and saw that the New York Statute prohibiting taser guns had been declared unconstitutional (see Exhibit A to Miller Decl., Toure tr. pp. 81-85). A copy of the Google search was requested by defense counsel (Exhibit A to Miller Decl., Toure tr. p. 84, ll. 19-20). A copy of the Google article was never produced in discovery and plaintiff agreed not to produce it at trial. Moreover, Plaintiff did not bring the Google article with him when he traveled to New York with the taser gun (Exhibit A to Miller Decl., Toure tr. p. 85, ll. 7-10). At his deposition, Plaintiff did not claim he knew the name of the case, the location of the federal court or that he had read it (Ex. A, Toure tr., p. 84, ll. 10-25, p. 85, ll. 1-6). He testified just prior to his arrest, he showed the police officers, including Cassino a 2011 letter from the Bureau of Alcohol, Tobacco and Firearms, and 2016 documents relating to the cartridges not being hazardous, and that he told them about the TSA (Exhibit A to Miller Decl., tr. p. 101, l. 2-11). He did not testify that he told them about the decision.

In *Grant v. Lockett*, No. 19 cv. 469, 19 cv. 738, 19 cv. 1558, 2021 WL 5816245 (2d Cir. Dec. 8, 2021), the Second Circuit held that the district court erred in not excluding the district attorney's (Fitzpatrick) testimony and his press release dismissing the charges and the letter he

7

wrote to Plaintiff's counsel concerning the dismissal. The Second Circuit recognized that the district attorney's (Fitzpatrick) testimony unfairly presented evidence to the jury stating:

> Ultimately, the introduction of Fitzpatrick's testimony and the challenged exhibits risked provoking the jury both (1) to draw the inference that because Fitzpatrick dismissed the charges against Alonzo, the officers necessarily lacked probable case to arrest Alonzo and acted unreasonably under the circumstances, and (2) to rule for Plaintiffs for the mere reason that an independent government actor validated Plaintiffs' account. *Id*. at *3

Here, the introduction of the *Avitabile* case or testimony that reference that case by name should be precluded as it is likely to confuse the jury as to what Plaintiff knew or what the officers would reasonably have known at the time of the arrest. It would bolster Plaintiff's claim that he learned about the decision on Google, although he could not remember the case name or the location of the issuing court at the time of his deposition. The *Avitabile* decision resulted in an injunction being issued against the New York State police, who are an entirely different organization from the Port Authority Police. This decision also includes an extensive discussion of the Second Amendment which is not at issue in this case. The *Avitabile* case should not be discussed in front of the jury during the trial by plaintiff or his counsel because it will likely confuse the jury.

### 2) The Decision Involves A Legal Analysis Reserved For This Court

The courts in this jurisdiction have long recognized that legal opinion by experts as to applicable law are barred, as the instructions to the jury on the law are reserved to the trial court. See *Marx & Co., Inc. v. Diners' Club, Inc*., 550 F. 2d 505, 510 (2d. Cir. 1977 (held "expert testimony on the law is excluded because 'the tribunal does not need the witness's judgment' " (quoting Wigmore)); See also *Novartis Pharma AG v. Incyte Corporation*, No. 1:20 cv 400

8

(GHW), 2024 WL 3608338 *21 (S.D.N.Y. July 29, 2024) (held *inter alia* that "it would be improper for an expert … to usurp the role of the factfinder and the court by opining on the legal issues in the case"); *Tang v. Capital Partners, L.P., v. BRC Inc.*, No. 22 cv 5476 (RWC), 2024 WL 4716315 at *17 (S.D.N.Y. Nov. 8, 2024) ("The rationale for the rule against expert legal opinion is that such opinion is not helpful to a jury because the Court interprets and instructs about the law").

While Plaintiff here does not offer an expert to explain *Avitabile v. Beach*, *supra*, introducing the decision would have the equivalent impact. For this reason as well as the confusion it may cause in the jury, Plaintiff should be precluded from introducing the decision or giving testimony identifying this particular decision at trial.

## CONCLUSION

The motion *in limine* should be granted.

Dated: New York, New York
March 12, 2025

                    Respectfully submitted,

The Port Authority Law Department
Attorneys for Defendant, Chelsea Cassino
4 World Trade Center/150 Greenwich St.,
24 Fl., New York, NY  10007

_____/S/_____
By:  Kathleen Gill Miller
     Brian Hodgkinson
(212) 435-3434; (212) 435-3442

9

TO:    Walter John Thompson, Esq.
        wjt@thompsonlawnyc.com
        Attorney for Plaintiff
        565 Fifth Avenue
        Suite 721
        New York, New York 10017
        Via ECF