

June 3, 2025

**Via ECF**
Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Toure v. The Port Authority of New York and New Jersey, et al
             2:21 cv 01645 (NRM) (ST)

Dear Judge Morrison:

We represent the only remaining defendant in this action, Chelsea Cassino, and submit this letter in response to your request that we explain why the case of *Calce v The City of New York,* No 21 Civ 8208 (ER), 2025 -cv- 895414 (S.D.N.Y. March 24, 2025), which held that New York Penal Law §265.01 adopted in 1974 did not violate the Second Amendment, is applicable to this action. Firstly, *Calce* was decided by a judge sitting in New York City where Plaintiff's arrest took place, as opposed to upstate New York, and took into account the use of taser guns in the New York Metropolitan area wherein the use of the same was clearly of concern to law enforcement. While the defendants can find no law to support the position it has any retroactive effect, the Court in *Calce* states clearly that it was not bound by the decision in *Avitabile v. Beach*, 368 F. Supp. 3d 404 (N.D.N.Y.2019). *See Calce* at *10. The Court in *Calce* further clarified that in its view the decision in *Avitable* did not undertake the "common use" analysis outlined by The Second Circuit in *New York State Rifle & Pistol Ass'n, Inc.* v *Cuomo,* 804 F 3d 242, 254-255 (2nd Cir. 2015). Rather the Court in *Avitable* relied on limited data and an agreement by defendant that millions of stun guns had been sold nationwide. The Attorney General's office failed to defend the constitutional challenge to this statute. This resulted in legal conclusions based upon assumptions, as opposed to a fully developed record. Clearly, the New York City Police Department did not agree with the position taken by the defendant in *Avitabile* as evidenced by its position that stun guns continued to be illegal under New York Penal Law §265.01 in the New York Metropolitan area. Accordingly, it was reasonable for Officer Cassino to rely on this statute in determining whether or not to arrest plaintiff for possession of an electronic taser gun at JFK airport in November , 2019.

                                                          Respectfully submitted
                                                                    /S/

                                                            Kathleen Gill Miller

KGM:jra



2

Cc: John Walter Thompson, Esq.
Attorney for Plaintiff
Thompson Law PC
565 Fifth Avenue, Suite 721
New York, New York  10017
**VIA ECF**