# Thompson Law, P.C.

ATTORNEYS AT LAW

565 FIFTH AVENUE
SUITE 721
NEW YORK, NY 10017

WALTER JOHN THOMPSON, ESQ.
TEL. (646) 922-8900
FAX (212) 672-1131

EMAIL: INFO@THOMPSONLAWNYC.COM
WEB: WWW.THOMPSONLAWNYC.COM

June 4, 2025

Hon. Nina Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Abdoulaye Toure v. Officer Chelsea Cassino, Index No. 21-cv-01645

Dear Judge Morrison:

    Plaintiff respectfully submits this letter in response to Defendant's June 3, 2025, *See* DE# 95, letter concerning the case of *Calce v. City of New York*, No. 21 Civ. 8208 (ER), 2025 WL 895414 (S.D.N.Y. Mar. 24, 2025), submitted pursuant to the Court's directive at the May 29, 2025 pre-trial conference.

    As Defendant concedes, *Calce* was decided more than five years after the arrest of Mr. Toure and therefore has no retroactive application to the determination of whether probable cause existed at the time of the arrest in March 2020. The law is clear that probable cause must be assessed based on the legal standards in place at the time of the arrest—not on subsequent judicial interpretations. Defendant offers no legal authority to support its suggestion that a 2025 ruling may retroactively justify an arrest made in 2020.

    At the time of Mr. Toure's arrest, the only federal decision squarely addressing the constitutionality of Penal Law § 265.01 as applied to tasers was *Avitabile v. Beach*, 368 F. Supp. 3d 404 (N.D.N.Y. 2019). That ruling, authored by Judge David N. Hurd, held that the statute, as applied to civilian taser possession, violated the Second Amendment. It was never appealed or overturned. Whether or not *Calce* disagrees with *Avitabile* is of no consequence to the constitutional standard in effect in March 2020.

    Defendant's assertion that *Avitabile* was rendered on a limited or undeveloped record is misleading. Judge Hurd applied the "common use" test articulated in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and reaffirmed in *Caetano v. Massachusetts*, 577 U.S. 411 (2016). He found that stun guns and tasers

are commonly possessed by law-abiding citizens for lawful purposes such as self-defense. The decision was grounded in detailed legal reasoning, supported by substantial evidence of civilian use, and remains binding precedent in the absence of appellate reversal.

Finally, Defendant's reference to NYPD enforcement practices does not control the constitutional analysis. Law enforcement's interpretation of a statute does not override a federal court's ruling on its constitutionality. That NYPD continued to enforce § 265.01 after *Avitabile* does not make such enforcement lawful.

Accordingly, Defendant's reliance on *Calce* is unavailing and does not bear on the constitutional standards that governed Mr. Toure's arrest. We respectfully ask the Court to disregard the authority as irrelevant to the legal issues before the jury.

Thank you for your consideration.

Respectfully submitted,

*Walter John Thompson*

Walter John Thompson, Esq.
Counsel for Plaintiff

cc: Counsel for Defendant (via ECF)