

1

June 9, 2025

<u>**Via ECF**</u>
Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    **Abdoulaye Toure v. Police Officer Chelsea Cassino**
>         **2:21 cv 01645 (NRM) (ST)**

Dear Judge Morrison:

This letter is submitted pursuant to the Court's June 6, 2025 order directing Defendant, Chelsea Cassino, to provide further detail regarding the contention that New York City Administrative Code § 10-135 entitles her to qualified immunity. As set forth below, the administrative code provision was in effect at the time of arrest, and it provides a basis for probable cause. Thus, Officer Cassino, as a sworn police officer in the State of New York is entitled to rely on the law of the jurisdiction in which she is obligated to enforce its laws, and therefore is entitled to qualified immunity.

> **A.  New York City Administrative Code § 10-135 Provides a Separate Basis**
>     <u>**for Probable Cause, Thus the False Arrest Claim is Subject to Dismissal**</u>

New York City Administrative Code §10-135 prohibits the sale and possession of "electronic stun guns. New York City, N.Y., Code §10-135. That law was not addressed by the court in *Avitabile v. Beach,* 368 F.Supp.3d 404 (N.D.N.Y. 2019)*,* and it was in effect at the time of Plaintiff's arrest. That Officer Cassino did not charge Plaintiff under the New York City Administrative Code does not mean that probable cause was not present. There is probable cause if *any* legal basis exists for the arrest, even if the defendant is not charged under the law supporting the arrest. *See* <u>*Jaegly v. Couch*</u>, 439 F.3d 149, 154 (2d Cir. 2006) ("Following *Devenpeck,* we conclude here that a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.") (citing *Devenpeck v. Alford,* 543 U.S. 146 (2004)).

Here, Plaintiff was arrested on November 12, 2019 at JFK Airport for possession of an electronic stun gun, which he was admittedly carrying in his checked luggage. He was arrested in the City of New York. New York City Administrative Code § 10-135 "prohibits the possession and sale of electronic stun guns" and provides that violation of the section is a Class "A" Misdemeanor. New York City, N.Y., Code § 10-135.

Further, while subsection (e) of § 10-135 exempts manufacturers, importers, exporters and merchants, it is undisputed that Plaintiff only showed the officers his license and two documents. Neither of the two documents were addressed to him or showed him to be within those categories. Even assuming Plaintiff claimed to be a "merchant", police officers are not bound to accept such



claims. *See Caceres v. Port Authority of New York and New Jersey*, 631 F. 3d 620, 623 (2d Cir. 2010) ("Caceres further argues that he professed his innocence and explained to the Port Authority officers that the warrant was a mistake; but police are not bound to credit such protestations.")

Under New York Criminal Procedure Law § 1.20(34)(k), Port Authority police officers have state-wide jurisdiction. They can make an arrest anywhere in the State of New York under any law of the State of New York, which clearly includes New York City where many of the agency's facilities are located, including JFK Airport.   Accordingly, Officer Cassino was empowered to arrest Plaintiff for violation of New York City Administrative Code § 10-134.  The fact that she only charged him with a violation of New York Penal Law § 265.01 does not mean there was no probable cause for the arrest, where a separate basis for the arrest existed under the city code. Officer Cassino will testify as to her police powers, which include enforcing local laws.

As the court in *Devenpeck* recognized, "[t]hose are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest". *Devenpeck*, 543 U.S. at 155. In this case, Officer Cassino was empowered to arrest Plaintiff on the same facts for both a violation of New York Penal Law § 265.01and New York City Administrative Code § 10-135 as both prohibited unlicensed possession of stun guns. Officer Cassino's failure to charge Plaintiff under the administrative code provision does not mean there was not probable cause for his arrest. *See Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). The existence of this separate basis for the arrest, which was in effect at the time, entitles Officer Cassino to judgment as a matter of law.

**B.  The Contention that Probable Cause**
     **Existed for the Arrest Has Not Been Waived**

Officer Cassino asserted in her Fourth Affirmative Defense: "Plaintiff's arrest was based upon probable cause and justified under the law."  Her Fifth Affirmative Defense states that she "is entitled to qualified immunity since she acted at all times in good faith under the law and used reasonable force in effecting the arrest." An affirmative defense of qualified immunity is sufficiently waived by bare assertion. *Santos v. District Council of New York City* 619 F. 2d 963,967 (2d Cir. 1980)  The defense of qualified immunity can only be waived by failing to raise it. *See McCardle v. Haddad,* 131 F. 3d 43, 51 (2d Cir. 1997). This defense and the defense of probable cause have been asserted in Officer Cassino's Answer and in her Motion for Summary Judgment. The legal argument Officer Cassino is now making is based on the same facts with respect to Plaintiff's arrest as the legal argument based on N.Y. Penal Law 265.01.  All of the facts were disclosed in discovery.  Officer Cassino is only expanding on legal arguments already made to this Court. There is no violation of the Federal Rules relating to discovery. Plaintiff never served an interrogatory asking for every legal basis upon which Officer Cassino might rely, and he is equally capable of researching the law.  Moreover, the defense of qualified immunity may be raised at multiple stages of the trial. *See Guzman-Rivera v. Rivera-Cruz*, 98 F. 3d 664,669 (1st Cir. 1996).



3

### C. There is No Waiver.

Officer Cassino was not obligated to raise the defense of probable cause based on New York City Administrative Code § 10-135 in her Motion for Summary Judgment. Fed..R.Civ.P . 12(b) lists the affirmative defenses that must be asserted in a motion. Rule 12(h) limits these defenses that are waived by failing to include them in the motion as being defenses that are set forth in Rule 12(b)(2-5). Officer Cassino's defenses of qualified immunity and probable cause are not listed in 12(b)(2-5). Moreover, Officer Cassino moved for summary judgment on her affirmative defense of qualified immunity and probable cause. The only difference here is the additional legal basis for those defenses. This defense can raised under Rule 12 (h) (2) (C) at trial.

For the reasons stated above, Officer Cassino respectfully submits that New York City Administrative Code § 10-135 provides probable cause for Plaintiff's arrest and entitles her to qualified immunity. As such, Officer Cassino intends to move for summary judgment as a matter of law on this basis at the earliest possible opportunity.

Respectfully submitted

_____/S/_____
Kathleen Gill Miller
Brian Hodgkinson

KGM:jra


Cc:    John Walter Thompson, Esq.
       Attorney for Plaintiff
       Thompson Law PC
       565 Fifth Avenue, Suite 721
       New York, New York  10017
       **VIA ECF**